# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| REHRIG PACIFIC COMPANY. <br><br> Plaintiff, <br><br> v. <br><br> POLYMER LOGISTICS (ISRAEL), LTD. and <br> POLYMER LOGISTICS, INC. <br><br> Defendants. | Civil Action <br> Case No. _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiff Rehrig Pacific Company, by and through its attorneys, files this Complaint for Patent Infringement and Demand for Jury Trial against Polymer Logistics (Israel) Ltd. and Polymer Logistics, Inc. (collectively "Defendants") and alleges as follows:

## THE PARTIES

1. Rehrig Pacific Company ("Rehrig") is a Delaware Corporation, having its principal place of business at 4010 E. 26th Street, Los Angeles, California, 90058.

2. Polymer Logistics (Israel) Ltd., doing business in the United States as Polymer Israel Ltd, is an Israeli corporation with its address at 4 Hacharash St., Hod Hasharon, Israel 4524075.

3. Polymer Logistics, Inc. is a Delaware Corporation with its principal place of business at 1725 Sierra Ridge Drive, Riverside, CA 92507. Upon information and belief, Polymer Logistics, Inc. is a wholly-owned subsidiary of Polymer Logistics (Israel) Ltd.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 101 et seq. This Court has original subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

6. Upon information and belief, Defendants have committed acts of infringement and have a regular and established place of business in this District (Dublin, Georgia).

7. The Court has personal jurisdiction over Defendants because minimum contacts have been established with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. In particular, this Court has personal jurisdiction over Defendants because Defendants have engaged in such continuous, systematic and substantial activities within the State of Georgia, have a physical place of business in the State of Georgia, and have infringed the patents, which are the subject of this suit, in the State of Georgia.

## REHRIG'S INNOVATIONS

### United States Patent No. 7,059,489

8. On June 13, 2006, Rehrig was issued United States Patent No. 7,059,489 ("the '489 patent") (Exhibit 1), titled "PORTABLE STORAGE DEVICE." Rehrig is the sole owner of the '489 Patent and has been the sole owner of the '489 patent since its issuance.

9. The '489 patent relates generally to a collapsible container and more particularly to a collapsible container with an improved latch.

United States Patent No. 8,863,971

10. On October 21, 2014, Rehrig was issued United States Patent No. 8,863,971 ("the '971 patent") (Exhibit 2), titled "CRATE WITH RETRACTABLE WALL." Rehrig is the sole owner of the '971 Patent and has been the sole owner of the '971 patent since its issuance.

11. The '971 patent relates generally to containers and more particularly to a crate that is particularly useful for transporting egg cartons or other items to a store.

United States Patent No. 9,475,638

12. On October 25, 2016, Rehrig was issued United States Patent No. 9,475,638 ("the '638 patent") (Exhibit 3), titled "CRATE WITH RETRACTABLE WALL." Rehrig is the sole owner of the '638 Patent and has been the sole owner of the '638 patent since its issuance.

13. The '638 patent relates generally to containers and more particularly to a crate that is particularly useful for transporting egg cartons or other items to a store. The '489 patent, the '971 patent, and the '638 patent will be referred to as the "Asserted Patents."

6332 Egg RPC

14. Rehrig makes and sells containers called 6332 Egg RPC crates.



(image available at https://www.rehrigpacific.com/product/rehrig-6332-egg-rpc/)

15. The 6332 Egg RPC crates are reusable containers that provide maximum protection to reduce damage to the eggs, reduce total packaging costs and eliminate disposal costs associated with one-way (e.g. cardboard) containers.

16. The 6332 Egg RPC crates provide a retail ready display that allows easy access to the egg cartons and provides an attractive display to merchandise eggs. The innovative drop-sidewall design simplifies replenishment, reducing store labor. The folding design reduces storage capacity for empty containers. The strong, durable latches are designed for stable handling during transportation.

17. Rehrig provides notice to the public that the 6332 Egg RPC crates are patented by fixing the words "Patent 8,663,971 9,475,638" thereon.

18. The 6332 Egg RPC Crates also incorporate the latch of the '489 patent.

## DEFENDANTS' ACCUSED PRODUCTS

19. Defendants make, use, sell, and offer for sale "RPC Eggs" crates ("the Accused Products"), which are reusable containers built specifically for the eggs industry.



(Exhibit 4, Polymer Logistics RPC Eggs product brochure).

20. Defendants market the RPC Eggs crates as having the following advantages: 1) greater structural integrity protects product while reducing freight; 2) standardized footprint increases cube efficiencies and reduces freight; and 3) unique forward opening door for one-touch retail ready display.

21. Defendants market the RPC Eggs crates as having strong latches that hold up throughout the supply chain, unique fold open door for one touch retail ready display, and greater structural integrity providing valuable product protection.

22. Defendants have been and are now infringing, and will continue to infringe, Rehrig's Asserted Patents in this Judicial District and elsewhere in the United States by, among other things, making, using, importing, selling, and/or offering for sale the Accused Products that embody the patented inventions.

23. On information and belief, Defendants have knowledge of the Asserted Patents.

24. On information and belief, Defendants have knowledge of Rehrig's 6332 Egg RPC crates, which are marked with the '971 and '638 patent numbers.

25. On information and belief, Defendants copied the design of the Rehrig 6332 Egg RPC crates and/or the design(s) disclosed in the Asserted Patents.

26. Defendants copied the latch design of the Rehrig 6332 Egg RPC crate covered by the '489 patent.

27. Despite knowledge of the Asserted Patents, Defendants have sold and continue to sell the Accused Products in complete and reckless disregard of Rehrig's patent rights. As such, Defendants have acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the Asserted Patents, justifying an award to Rehrig of increased damages under 35 U.S.C. § 284, and attorney fees and costs incurred under 35 U.S.C. § 285.

28. Defendants' continued infringement is causing severe and irreparable harm to Rehrig in the form of price erosion, loss of goodwill, damage to reputation, loss of business opportunities, inadequacy of money damages, interference with exclusive patent rights, and direct and indirect competition. Monetary damages are insufficient to compensate Rehrig for these harms. Accordingly, Rehrig is entitled to preliminary and permanent injunctive relief.

## COUNT I: DIRECT INFRINGEMENT OF THE '489 PATENT

29. Rehrig incorporates and re-alleges all of the preceding paragraphs as though each were fully set forth herein.

30. Defendants have infringed and continue to infringe claims 1-22 of the '489 patent in violation of 35 U.S.C. § 271(a) by making, using, importing, selling, and/or offering for sale the Accused Products in the United States without the permission, consent, authorization, or license

of Rehrig. Exhibit 5 is a representative claim chart illustrating Defendants' infringement based on publicly available information.

### COUNT II: DIRECT INFRINGEMENT OF THE '971 PATENT

31. Rehrig incorporates and re-alleges all of the preceding paragraphs as though each were fully set forth herein.

32. Defendants have infringed and continue to infringe at least claims 1-6, 10-15, and 18 of the '638 patent in violation of 35 U.S.C. § 271(a) by making, using, importing, selling, and/or offering for sale the Accused Products without the permission, consent, authorization, or license of Rehrig.  Exhibit 6 includes representative claim charts illustrating Defendants' infringement based on publicly available information.

33. Upon a reasonable opportunity for discovery, it is likely that Rehrig will be able to identify additional claims infringed by the Accused Products.

### COUNT III: DIRECT INFRINGEMENT OF THE '638 PATENT

34. Rehrig incorporates and re-alleges all of the preceding paragraphs as though each were fully set forth herein.

35. Defendants have infringed and continue to infringe at least claims 1-7, 9-13, 15 and 17-20  of the '638 patent in violation of 35 U.S.C. § 271(a) by making, using, importing, selling, and/or offering for sale the Accused Products without the permission, consent, authorization, or license of Rehrig.  Exhibit 7 includes representative claim charts illustrating Defendants' infringement based on publicly available information.

## **PRAYER FOR RELIEF**

Rehrig requests judgment in its favor against Defendants for the following relief:

A. A judgment in favor of Plaintiff that Defendants have directly infringed the '489, '971, and '638 patents;

B. A preliminary and permanent injunction enjoining Defendants, their officers, directors, agents, servants, employees and those persons in active concert or participation with Defendants, from infringing the '489, '971, and '638 patents in violation of 35 U.S.C. § 271;

C. An award of damages adequate to compensate Plaintiff for Defendants' infringement, including lost profits and a reasonable royalty;

D. An order adjudging Defendants to have deliberately and willfully infringed the '489, '971, and '638 patents and trebling, or otherwise increasing, Plaintiff's damages under 35 U.S.C. § 284;

E. A judgment in favor of Plaintiff that this is an exceptional case;

F. An award to Plaintiff of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. § 285;

G. An award of prejudgment and post-judgment interest and costs of this action; and

H. Such other and further relief that this Court deems just and proper.

Rehrig demands a trial by jury on all issues so triable.

Respectfully submitted this 25 day of July, 2018.

/s/ Thomas L. Cathey  
Thomas L. Cathey  
Georgia Bar No. 116622  
*Attorney for Plaintiff*

Of Counsel:  
Hull Barrett, PC

P.O. Box 1564
Augusta, Georgia  30903-1564
(706) 722-4481 (telephone)
(706) 722-9779 (facsimile)
tcathey@hullbarrett.com

Of Counsel (Pro Hac Applications to Be Submitted)
John E. Carlson
Steven Susser
M. Alex Szypa
Carlson, Gaskey & Olds, P.C.
400 W. Maple, Ste 350
Birmingham, MI 48009
Tel: 248-988-8360
Fax: 248-988-8363